IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,778-01






EX PARTE MARIO ALBERT SALAZAR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-06-2103-0-CR-B IN THE 156TH DISTRICT COURT


FROM BEE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of money laundering
between $1,500 and $20,000 and sentenced to five years' imprisonment. He did not appeal his 
conviction. 

 Applicant contends that his sentence is illegal, his plea was involuntary due to ineffective
assistance of counsel, and that TDCJ is wrongfully denying him mandatory supervision eligibility. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law addressing all of
Applicant's grounds for relief. Specifically, the trial court shall make findings as to whether the prior
convictions alleged in the indictment were properly sequential to enhance Applicant's punishment
under Section 12.42(a)(2) of the Penal Code. If they were not, the trial court shall make findings as
to whether Applicant had other prior convictions available to enhance the money laundering
conviction. The trial court shall supplement the record with certified copies of all indictments,
judgments, and any other documentation relevant to disposition of this application. Additionally, the
trial court shall give trial counsel the opportunity to respond to Applicant's ineffective assistance of
counsel allegation and shall make specific findings of fact and conclusions of law regarding trial
counsel's advice concerning the applicable sentencing ranges Applicant faced with respect to all
charges in the indictment. The trial court shall also order the Texas Department of Criminal 
Justice's Office of the General Counsel to file an affidavit stating whether TDCJ is treating
Applicant's current sentence as eligible for mandatory supervision and if not, for what reason. If the
trial court finds that Applicant is not being considered for mandatory supervision release due to a
prior conviction rendering him ineligible under Section 508.149(a) of the Government Code, the trial
court shall supplement the record with certified copies of the indictment and judgment for the
conviction causing Applicant's ineligibility. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 29, 2009

Do not publish